IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERICA CROSBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: _____ |
| | ) |
| RITE OF PASSAGE, INC., | ) JURY DEMANDED |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW**, Erica Crosby (hereinafter "Ms. Crosby"), by and through undersigned counsel, and files this Complaint against Rite of Passage, Inc. (hereinafter "Defendant") and seeks redress for discrimination suffered in Ms. Crosby's capacity as an employee of Defendant. Ms. Crosby has been discriminated against and retaliated against by Defendant on account of Ms. Crosby's sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and any other cause(s) of action that can be inferred from the facts set forth herein. In support of her Complaint, Ms. Crosby states as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this arises under the laws of the United States, 42 U.S.C. § 12117(a) because the action arises under Title VII of the Civil Rights Act of 1964.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful acts took place within Montgomery County, Alabama which lies within the Northern Division of the United States District Court for the Middle District of Alabama.

## PARTIES

3. Ms. Crosby is a female citizen of Alabama domiciled in Montgomery, Alabama.

4. Ms. Crosby, for all times relevant to this action, was an "employee" of Defendant as defined under Title VII of the Civil Rights Act of 1964.

5. Defendant is a foreign corporation incorporated under the laws of Nevada, with its principal place of business being in the State of Nevada. Defendant's registered agent is Incorp Services Inc, which can be served process at 4037 US 231 Ste A, Wetumpka, AL 36093.

6. Defendant, pursuant to Title VII of the Civil Rights Act of 1964, was Ms. Crosby's "employer" for all times relevant to this action.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS

7. Ms. Crosby has complied with the jurisdictional requirements on to wit: that on or about July 10, 2023, Ms. Crosby filed a Charge of Discrimination in employment with the Equal Employment Opportunity Commission (hereinafter "EEOC").

8. On July 11, 2024, the EEOC issued Ms. Crosby a Notification of a Right to Sue, and Ms. Crosby filed this Complaint within the ninety (90) day deadline. A copy of the notification is attached as "Exhibit A".

## FACTS

9. At all times relevant to this action, Ms. Crosby has identified as a homosexual female.

10. On or around December 5, 2022, Ms. Crosby began working for Defendant as a Shift Supervisor at their Montgomery, Alabama facility.

11. After Ms. Crosby began working as a Shift Supervisor for Defendant, she began facing discrimination, sexual harassment, and unlawful retaliatory action by Defendant's employee, Lakeitha Hill.

12. During the meeting, Ms. Crosby's manager, Lakeitha Hill, stated that Ms. Crosby was or was acting like a "fuck girl" in front of the staff also attending the meeting, insinuating that Ms. Crosby, as a homosexual female, was more sexually promiscuous than heterosexual females.

13. In March 2023, Ms. Crosby contacted Defendant's Department of Human Resources regarding the complaint, and Human Resources instructed Ms. Crosby to file a grievance form.

14. On April 3, 2023, Ms. Crosby submitted Ms. Hill's discriminatory actions per Defendant's Department of Human Resources instructions.

15. After submitting her grievance, Ms. Crosby continued to face discriminatory and retaliatory actions by Ms. Hill, such as harassing phone calls, baseless disciplinary actions, and other discriminatory and/or retaliatory acts.

16. On or about June 14, 2023, Defendant notified Ms. Crosby that it was terminating her employment.

## COUNT I

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. §2000E ET SEQ.
**(Hostile Work Environment – Sexual Harassment)**

17. Ms. Crosby repeats and re-alleges the allegations contained in paragraphs 1-16 above as if fully set forth herein.

18. Ms. Crosby is a female and a member of a protected class.

19. Defendant's conduct, as alleged herein, violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. because Defendant engaged in the practice of a hostile work environment against Ms. Crosby.

20. After filing her grievance with Defendant's Department of Human Resources, Ms. Hill continued her unlawful discriminatory and harassing actions against Ms. Crosby.

21. On or about June 14, 2023, Defendant terminated Ms. Crosby's employment.

22. Defendant's discriminatory action(s) against Ms. Crosby were in violation of Ms. Crosby's rights under Title VII of the Civil Rights Act of 1964, as amended, and were intentional and were done with malice and reckless disregard for Ms. Crosby's rights as guaranteed under the laws of the United States of America.

23. Ms. Crosby has suffered and continues to suffer damages, including economic and emotional damages, as a result of Defendant's unlawful discrimination.

## COUNT II

**RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-3(a)**

24. Ms. Crosby repeats and re-alleges the allegations contained in paragraphs 1-16, as if fully set forth herein.

25. Ms. Crosby was subjected to a hostile work environment based on her sexual orientation by Defendant and Ms. Hill.

26. After Ms. Crosby reported the unlawful acts creating the hostile work environment, retaliatory acts against Ms. Crosby continued.

27. Ultimately, Defendant terminated Ms. Crosby's employment.

28. Defendant's Department of Human Resources refused to address the harassment, discrimination, and retaliatory actions of Ms. Hill.

29. Defendant intentionally discriminated against Ms. Crosby by retaliating against her for participating in a protected activity.

30. Defendant's retaliatory action against Ms. Crosby in violation of Ms. Crosby's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Ms. Crosby's rights as guaranteed under the laws of the United States.

31. Ms. Crosby has suffered and continues to suffer damages, including economic and emotional damages, as a result of Defendant's unlawful discrimination.

**WHEREFORE**, Ms. Crosby prays that this Honorable Court will:

(1) Enter an Order declaring Defendant's past practices described herein were unlawful;

(2) Enter an Order compelling Defendant to institute and carry out policies, practices, and programs providing equal employment opportunities for Ms.

Crosby and other employees and eradicating the effects of its past and present unlawful employment practices.

(3) Enter an Order compelling Defendant to make Ms. Crosby whole by providing any other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

(4) Enter an Order compelling Defendant to make Ms. Crosby whole by providing financial compensation for past and future pecuniary and non-pecuniary losses she incurred as a result of Defendant's unlawful employment practices, including, but not limited to, emotional pain and suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amount to be determined at trial, and award Ms. Crosby reasonable attorney's fees and costs, and any further relief that this Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury.

Respectfully Submitted,

*/s/ Jon-Kaden Mullen*
Jon-Kaden Mullen
D. Jeremy Schatz
*Attorneys for the Plaintiff*

**OF COUNSEL:**
Virtus Law Group
2017 Morris Avenue, Ste 100
Birmingham, AL 35203
Phone: (205) 946-1924
js@vlgal.com
jm@vlgal.com


**CLERK TO SERVE VIA CERTIFIED MAIL:**
Rite of Passage, Inc.
c/o Incorp Services Inc.
4037 US 231 Ste A,
Wetumpka, AL 36093